FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROMAN S. DE'LA CRUZ, also known as DALE LEWIS OKERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPOKANE COUNTY, a municipal corporation and official capacity; PAUL C. WANZANREID, individual capacity; RICHARD M. LELAND, individual capacity; and ALICIA BELL, individual capacity,<br><br>　　　　Defendants. | No. 2:23-CV-00116-SAB<br><br>**ORDER DISMISSING CASE** |

Before the Court are Plaintiff's Motions for Entry of Default, ECF No. 7 and 8, and Defendants' Motions to Dismiss, ECF Nos. 10 and 18. The motions were considered without oral argument. Plaintiff is representing himself. Defendants are represented by F. Dayle Andersen, Jr. and Stephen W. Garvin.

### Background

Plaintiff Roman S. De'La Cruz brings numerous claims against Defendants for violations of the United States Constitution and federal statutes. On January 5, 2018, Plaintiff claims Defendant Paul C. Wanzanreid stopped his vehicle for alleged speeding and driving under the influence. Plaintiff states he was unlawfully

**ORDER DISMISSING CASE *1**

1  detained when he refused to consent to a search of himself and his vehicle. It
2  appears Plaintiff was subsequently prosecuted for speeding and driving under the
3  influence. Defendant Alicia Bell appears to be the prosecuting attorney.
4      Plaintiff asserts the presiding judge in the case, Defendant Richard M.
5  Leland, is liable because "[t]here was a period between 2019–2020[ ] where the
6  official bonds had lapsed and judges continued to make legal determinations."
7  Plaintiff also claims Defendant Spokane County exercises an unconstitutional
8  practice of "policing for profit" and fails to maintain accurate maintenance records
9  of its breathalyzer machines.

## Discussion

11      Defendants move to dismiss the above-captioned case because Plaintiff did
12 not effectuate service and Plaintiff's Complaint fails to state a claim upon which
13 relief can be granted. Defendants argue Plaintiff's claims are barred by the statute
14 of limitations and judicial and prosecutorial immunity. Conversely, Plaintiff moves
15 for entry of default judgment, claiming Defendants failed to file a timely
16 responsive pleading.

17      1. <u>Service and Default Judgment</u>

18      Federal Rules of Civil Procedure 4(c) and (m) provide that a summons must
19 be served with a copy of the complaint within 90 days after the complaint is filed.
20 A court must dismiss an action against the defendant if service is not made within
21 this period, unless good cause is shown for the failure to timely serve. Fed. R. Civ.
22 P. 4(m). Rule 4(c)(2) provides that service must be made by any person "not a
23 party." Defendants must be served in accordance with the Federal Rules of Civil
24 Procedure, or the court lacks personal jurisdiction. *Jackson v. Hayakawa*, 682 F.2d
25 1344, 1347 (9th Cir. 1982) (citation omitted).
26      This action was filed on April 27, 2023, and a summons was returned
27 executed on May 4, 2023. The filing indicated Plaintiff would move for service of
28 process by publication, but no motion or related pleadings were filed. Plaintiff

**ORDER DISMISSING CASE \*2**

claims Defendants were served by mail because he personally mailed the summons and complaint to Defendants' last known addresses.

Rule 4(c)(2) prohibits Plaintiff, as a party to this action, from serving Defendants, by mail or otherwise. Plaintiff also did not serve Defendants through other valid means. Therefore, the Court lacks personal jurisdiction over Defendants and Plaintiff's motion for entry of default judgment is improper.

2. Failure to State a Claim

Under Rule 12(b)(6), the Court must dismiss a complaint that fails "to state a claim upon which relief can be granted." The complaint must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts all material allegations as true and construes the facts in the light most favorable to the plaintiff, but it need not accept conclusory allegations. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008); *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

For the following reasons, Plaintiff's Complaint does not state a claim upon which relief can be granted and the deficiencies cannot be cured by amendment.

a. Statute of Limitations

Plaintiff's claims are barred by the statute of limitations. The statute of limitations for a claim brought under 42 U.S.C. § 1983 is three years. Wash. Rev. Code § 4.16.080(2); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff's claims derive from events that occurred on January 5, 2018, and this action was filed on April 27, 2023, over five years later.

Plaintiff asks that the Court equitably toll the limitations period, claiming he has pursued his rights diligently, and Defendants engaged in deception that

**ORDER DISMISSING CASE *3**

interfered with his ability to file. Plaintiff's conclusory claims of deception are not grounded in facts pled in the Complaint or an affidavit, and Plaintiff merely recites the legal conclusions presented in his Complaint, which do not establish circumstances that warrant equitable tolling. Therefore, Plaintiff's claims pertaining to the events of January 5, 2018 are time-barred and dismissed with prejudice.

### b. Judicial and Prosecutorial Immunity

Plaintiff's claims against Defendant Judge Richard Leland are barred by the doctrine of absolute judicial immunity, and his claims against Defendant Deputy Prosecutor Alicia Bell are barred by the doctrine of prosecutorial immunity. Judges and judicial officers are immune to legal actions related to the judicial process, with only narrow exceptions. *See Forrester v. White*, 484 U.S. 219, 225 (1988). Relatedly, prosecuting attorneys enjoy qualified immunity associated with the judicial phase of the criminal process when performing traditional functions of an advocate. *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (citation omitted).

Plaintiff's claims against Defendants Leland and Bell arise out of criminal charges filed against him in Spokane County. Defendants acted in their respective official functions as judicial and prosecutorial officers. Plaintiff did not plead facts that indicate one of the narrow exceptions to immunity exists. Plaintiff's claims are barred against these Defendants.

### c. Monell *Liability*

Plaintiff failed to state a plausible claim of an unlawful policy, custom, or pattern against Defendant Spokane County. A plaintiff may assert a claim for municipal liability by demonstrating that an official policy, custom, or pattern on the part of the municipality was the actionable cause of an injury. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (internal quotation omitted). To bring a claim based on an unconstitutional policy or custom, there must be

**ORDER DISMISSING CASE *4**

sufficient allegations that—among other things—the plaintiff was deprived of a constitutional right through implementation of a municipality's policy, which amounted to deliberate indifference to the plaintiff's constitutional right. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

Plaintiff alleges insufficient facts to state a claim for an unconstitutional custom, practice, or policy. Plaintiff did not articulate facts that present a plausible claim for a violation of his constitutional rights. Dismissing this action without leave to amend is appropriate, because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Entry of Default, ECF No. 7, and Motion for Default Judgment, ECF No. 8, are **DENIED**.

2. Defendants' respective Motions to Dismiss, ECF Nos. 10 and 18, are **GRANTED**.

3. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff, and **CLOSE** the file.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and *pro se* Plaintiff.

**DATED** this 6th day of July 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING CASE *5**